IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HIRENKUMAR PRAJAPATI and KOMALBEN PRAJAPATI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:25-cv-00258-DGK |
| ANGELICA ALFONSO-ROYALS, ACTING DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This is an immigration-status case. Pro se Plaintiffs Hirenkumar and Komalben Prajapati seek to compel Defendant Angelica Alfonso-Royals, Acting Director of the United States Citizenship and Immigration Services ("USCIS"),[1] to make a bona fide determination ("BFD"), grant employment authorization documents ("EADs"), make a waiting list determination ("WLD"), and grant Plaintiffs deferred action as part of Hirenkumar's petition for U nonimmigrant status.[2]

Now before the Court is Defendants' motion to dismiss Plaintiffs' petition for mandamus pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, Rule 12(b)(6). ECF No. 4. Defendants (1) make a facial challenge to this Court's subject-matter jurisdiction because Congress has barred courts from reviewing the kind of discretionary immigration determinations

---

[1] Ur Jaddou was Director of USCIS when Plaintiffs originally filed their complaint.

[2] As explained more fully below, U nonimmigrant status is temporary lawful nonimmigrant status and work authorization granted to aliens who have been the victims of crimes and who have assisted in the investigation or prosecution of those crimes.

at issue in this case; and (2) argue Plaintiffs' claim for a wait-list determination is not ripe.

For the reasons stated below, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims to compel bona fide and employment authorization determinations and deferred action are DISMISSED for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Defendants' motion is DENIED with respect to Plaintiffs' waiting list determination claim.

## Legal Standard

Whether the Court has subject-matter jurisdiction, that is, authority to decide the merits of a case, is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). A court may dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). "The plaintiff bears the burden of establishing subject matter jurisdiction" when a defendant moves to dismiss under Rule 12(b)(1). *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a facial attack and a factual attack." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted). "In a facial attack," as here, "the court merely needs to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction. Accordingly, the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)," *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015), which require the Court to "accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the nonmovant." *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (modified, citation omitted). As in a Rule 12(b)(6) analysis, a court generally ignores materials outside the pleadings on a facial challenge to its

2

jurisdiction, but it may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

A claim may also be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." In ruling on a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to" the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). Again, a court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

A pro se complaint must be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "pro se litigants are held to a lesser pleading standard than other parties," *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). "However, this standard does not excuse pro se complaints from alleging sufficient facts to support the claims advanced." *Gerstner v. Sebig, LLC*, 386 Fed. Appx. 573, 575 (8th Cir. 2010) (modified, citation omitted).

## Background

Plaintiffs' petition for mandamus arises from the Victims of Trafficking and Violence Protection Act's "U Visa program," codified at 8 U.S.C. § 1101(a)(15)(U). Under the U visa

3

program, aliens who have been victims of a crime may file a petition for temporary lawful nonimmigrant status and work authorization (the "U visa"). This status may be granted to an alien who "(I) has suffered substantial physical or mental abuse as a result of having been a victim of [a defined list of] criminal activity; (II) . . . possesses information concerning [that] criminal activity; (III) . . . has been helpful, is being helpful, or is likely to be helpful to . . . authorities investigating or prosecuting [that] criminal activity . . .; and (IV) the criminal activity . . . violated the laws of the United States or occurred in the United States." 8 U.S.C. § 1101(a)(15)(U)(i). A U visa petitioner may also file for employment authorization as part of the U visa process by filing an additional application form along with the U visa petition.

USCIS may issue only 10,000 U visas per year. 8 U.S.C. § 1184(p)(2)(A). Eligible petitioners who do not receive a U visa simply because of this annual cap "must be placed on a waiting list." 8 C.F.R. § 214.14(d)(2). Petitioners on the waiting list receive deferred action, and USCIS has discretion under the regulation to grant a wait-listed petitioner employment authorization. *Id.*

The Immigration and Nationality Act (INA) grants USCIS another means of discretion to "grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under [the U visa program]." 8 U.S.C. § 1184(p)(6). The statute gives USCIS discretion to grant employment authorization documents to bona fide petitioners but does not mandate a procedure for doing so. USCIS therefore implemented the bona fide determination process "as a matter of policy" to manage this discretionary review under § 1184(p)(6). Under this policy, USCIS makes an initial bona fide determination based on a petitioner's compliance with the requirements of the U visa petition process and passage of background checks. USCIS then makes further national security and public safety inquiries to determine the fitness of a petitioner to

4

receive employment authorization documents under the statute. *See* USCIS, Policy Manual, Chapter 5–Bona Fide Determination Process, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5; *see also Monroy v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25-CV-74, 2025 WL 1267767, at *3–4 (D. Neb. May 1, 2025) (summarizing the U visa, BFD, and EAD processes).

So, the U visa program and its components—eligibility, annual cap, EAD requirements, and discretion to grant EADs to bona fide U visa petitioners—are statutory; placement of eligible U visa petitions on a waiting list when the annual cap has been met is a regulatory requirement; and the BFD process is an internal agency policy for implementing discretionary employment authorizations under § 1184(p)(6). *See Ayala v. Noem*, 781 F. Supp. 3d 1187, 1197 (D.N.M. 2025).

Plaintiff Hirenkumar Prajapati is a native and citizen of India. On December 11, 2023, he was the victim of a serious crime. He cooperated with the Kansas City, Missouri, Police Department in the investigation of that crime.

On October 4, 2024, Plaintiffs applied for a U Visa and employment authorization documents in accordance with the process outlined above. USCIS issued a notice of receipt on October 8, 2024, but has not yet made a determination. USCIS only issues notices of receipt for completed petitions.

Plaintiffs filed this petition for mandamus on April 11, 2025, arguing that USCIS' failure to make a determination within six months[3] constitutes an unreasonable delay and is therefore actionable under the Administrative Procedure Act. *See* 5 U.S.C. § 555(b) ("[W]ithin a reasonable

---

[3] Plaintiffs assert in their Complaint that Defendants have failed to perform their duty to make a determination "for more than a year," ECF No. 1 at 8. While more than a year had passed between the crime on December 11, 2023, and the filing of the Complaint on April 11, 2025, only six months had passed between submission of the U Visa application and the filing of the Complaint. *See* ECF No. 5 at 1 ("Plaintiffs . . . have waited for more than 6 months for Defendants to make a decision [on their BFDs and EADs].").

5

time, each agency shall proceed to conclude a matter presented to it."). Plaintiffs claim their "interests are prejudiced by the continued delay" and that the delay "has caused Plaintiffs a great deal of hardship in their personal and professional lives and has made their future plans uncertain." Accordingly, Plaintiffs move this Court under The Mandamus Act, 28 U.S.C. § 1361, and the APA, 5 U.S.C. § 706(1), to compel Defendants to make bona fide, employment authorization, and waiting-list determinations, and to grant Plaintiffs deferred action as part of Hirenkumar's petition for U nonimmigrant status.

**Discussion**

Defendants make two fundamental arguments for dismissal. First, the Court lacks subject-matter jurisdiction to review USCIS' BFD and EAD decisions under the U visa program because Congress has expressly barred judicial review of such discretionary decisions. Defendants argue this jurisdictional bar applies to (1) employment authorization determinations for bona fide petitions, (2) the bona fide determination itself, and (3) grants of deferred action under the bona fide determination process. Second, Plaintiffs fail to state a claim concerning the wait list determination because they are not yet entitled to such determination, which requires an antecedent bona fide determination. Thus, their claim of "unreasonable delay" is not ripe and fails to state a claim for which relief can be granted. The Court addresses each of these arguments in turn.

I. **The Court lacks subject-matter jurisdiction over Plaintiffs' claims for BFD, EAD, and deferred action under the BFD process.**

The Immigration and Nationality Act declares discretionary decisions under the Act to be "matters not subject to judicial review" "[n]otwithstanding any other provision of law." 8 U.S.C. § 1252(a)(2)(B)(ii). The Eighth Circuit has held that this bar on judicial review extends both to the determinative decisions themselves and to decisions to delay determination. *Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024). As the Eighth Circuit explained: "Two elements trigger

6

§ 1252(a)(2)(B)(ii)'s jurisdictional bar: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151-1381)." *Id.* at 774.

Under 8 U.S.C. § 1184(p)(6), which is included in Subchapter II of Chapter 12 of Title 8, USCIS "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under" the U visa program. The word "may" typically indicates discretion in statutes, *see, e.g.*, *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005), and the parties do not dispute that the final decision on employment authorization is discretionary and unreviewable. They dispute, however, whether a delay in making a BFD and an EAD determination is reviewable.

While the Eighth Circuit has not ruled on the availability of judicial review of agency action under § 1184(p)(6), the Fourth and Sixth Circuits have and have come to opposite conclusions. The Fourth Circuit held in *Gonzalez v. Cuccinelli*, 985 F.3d 357 (4th Cir. 2021), that § 1252(a)(2)(B)(ii) bars review of agency decisions under § 1184(p)(6) because the grant of discretion to issue employment authorization grants discretion as to whether to act under § 1184(p)(6) at all. By contrast, the Sixth Circuit held in *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430 (6th Cir. 2022), that courts have jurisdiction to review USCIS' delays in making BFDs under USCIS' then-newly-issued BFD policy.

The district courts in this circuit have repeatedly applied *Thigulla* to USCIS' discretionary decisions on bona fide determinations, employment authorization, and deferred action under § 1184(p)(6) and have held that courts lack jurisdiction to review such decisions because of § 1252(a)(2)(B)(ii)'s jurisdictional bar. *See, e.g.*, *Patel v. Dir. of U. S. Citizenship & Immigr. Servs.*, No. 8:25-cv-267, 2025 WL 2928964, at *2 (D. Neb. Oct. 15, 2025) (holding "[BFDs and EADs] are discretionary decisions, and they are barred from this Court's review"); *Barad v. Noem*,

7

No. 8:25-cv-162, 2025 WL 1725322, at *3 (D. Neb. June 20, 2025) ("[B]ecause those decisions [concerning bona fide determination and Employment Authorization documents] are discretionary, Plaintiffs' claims are not within the jurisdiction of this Court and therefore must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(1)."); *Joshi v. Garland*, 728 F. Supp. 3d 1028, 1033 (D. Neb. 2024) (ruling on a claim under § 1184(p)(6) and noting "the Eighth Circuit's decision in *Thigulla* . . . applied § 1252(a)(2)(B)(ii) to discretionary decisions about the decisionmaking process, not just the result").

Indeed, a number of district courts in this circuit have explicitly rejected the Sixth Circuit's reading of the statute and have found that the Fourth Circuit's holding comports better with *Thigulla*. *See, e.g.*, *Huox v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25-CV-155, 2025 WL 1310938, at *2 n. 1 (D. Neb. May 6, 2025); *Rodriguez v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25-CV-84, 2025 WL 1295332, at *9 (D. Neb. May 5, 2025); *but see Reyes Olmos v. U.S. Citizenship & Immigr. Servs.*, 785 F. Supp. 3d 459, 470 (D. Neb. 2025) (following *Barrios Garcia* and concluding it had "subject matter jurisdiction to review the plaintiffs' claims alleging unreasonable delays in the BFD process by the USCIS").

The Court finds the reasoning in these cases to be persuasive. Congress clearly placed the granting of employment authorization within USCIS' discretion. Under § 1252(a)(2)(B)(ii), courts do not have jurisdiction to review the granting or withholding of such authorization. The Eighth Circuit regards the process an agency uses—including delays—for making discretionary determinations as also within the agency's statutory discretion and therefore also outside courts' jurisdiction, agency practice notwithstanding. "If the statute specifies that the decision is wholly discretionary, regulations or agency practice will not make the decision reviewable." *Thigulla*, 94 F.4th at 776 (quoting *Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099 (8th Cir. 2016)).

Plaintiffs argue that the jurisdictional bar applies only to final determinations as to bona fide status and employment authorization, not to USCIS' delay in making these determinations. ECF No. 5 at 4–5. The Complaint refers to various authorities to support the distinction between the discretionary end-result of a determination and the allegedly non-discretionary duty to make a determination. *See Rodriguez v. Nielsen*, No. 16-cv-7092 (MKB), 2018 WL 4783977, at *11 (E.D.N.Y. Sept. 30, 2018) ("While Defendants are not obligated to grant Plaintiff an EAD, they are obligated to adjudicate his application."); *Perez v. Cissna*, No. 2:18-cv-00069-MBS, 2018 WL 5013857, at *4 (D.S.C. Oct. 15, 2018) (citing *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004), "noting the difference between a cognizable APA claim where a plaintiff seeks adjudication of his application within a reasonable time, and where a plaintiff seeks review of a decision denying his application"); *Gutierrez v. Cissna*, No. 2:18-cv-00076-MBS, 2018 WL 5013642, at *4 (D.S.C. Oct. 15, 2018) (same). And in their reply in opposition, Plaintiffs rely on a decision from the Eastern District of California, *Asmai v. Johnson*, which found, in the context of an adjustment-to-status dispute, that "[w]hile the Secretary has discretion to decide the outcome of an adjustment application, the authority to not act on an application is not conferred by any statute." 182 F. Supp. 3d 1086, 1091–92 (E.D. Cal. 2016). Plaintiffs therefore assert this Court has jurisdiction to order USCIS to make a determination, though not to order USCIS to make a determination in Plaintiffs' favor. ECF No. 5 at 5.

Plaintiffs' argument fails and their reliance on these cases, in light of Eighth Circuit precedent, is misplaced. As Defendants point out in their motion to dismiss, the district courts in this Circuit, following Eighth Circuit precedent, have already rejected arguments identical to Plaintiffs'. ECF No. 4 at 11–12; *see Barad v. Noem*, 2025 WL 1725322, at *5–6; *Monroy v. Dir., U.S. Citizenship & Immigr. Servs.*, 2025 WL 1267767, at *9; *Rico v. Dir., U.S. Citizenship &*

9

*Immigr. Servs.*, No. 8:25-cv-119, 2025 WL 1192465, at *2 (D. Neb. Apr. 23, 2025). Plaintiffs make no attempt to address *Thigulla* or the cases following it in their reply.[4]

Under *Thigulla* and in accord with the other district courts that have applied it to § 1184(p)(6), the Court finds that § 1252(a)(2)(B)(ii) bars it from exercising subject-matter jurisdiction over Plaintiffs' claims for BFD, EAD, or deferred action under the BFD process.

**II.    Defendants' argument that Plaintiffs' WLD claim is not ripe fails.**

Defendants next challenge Plaintiffs' claim for a WLD on 12(b)(6) grounds, but they invoke ripeness, which speaks to the Court's jurisdiction, so this motion "is at heart a Rule 12(b)(1) motion." *Wiley v. Portfolio Recovery Assocs., LLC*, No. 20-cv-00737-SRN/KMM, 2020 WL 6136146, at *2 (D. Minn. Oct. 19, 2020) (citing *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss.")). Nevertheless, the Court addresses the argument as it stands.

"To demonstrate that an alleged dispute is ripe for review, the complainant must show both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. A case is fit for judicial decision when it would not benefit from further factual development and poses a purely legal question not contingent on future possibilities." *Sch. of the Ozarks, Inc. v. Biden*, 41 F.4th 992, 998 (8th Cir. 2022) (internal quotation marks and citations omitted). To show hardship, a U visa plaintiff seeking to compel a WLD "'must show he has sustained or is immediately in danger of sustaining some direct injury' due to USCIS' allegedly unreasonable delay or withholding of a WLD." *Noorani, v. Dir. of U.S. Citizenship and Immigr.*

---

[4] Defendants rightly note that the bulk of Plaintiffs' reply to the motion to dismiss is unresponsive to the motion and its incorporated suggestions in support. Defendants suggest it is a "canned immigration brief," ECF No. 6 at 1, and this, unfortunately, appears to be the case.

*Servs.*, No. 8:25-cv-221, 2025 WL 3282296, at *2 (D. Neb. Nov. 25, 2025) (quoting *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 992 (8th Cir. 2016)).

Defendants argue Plaintiffs "are not entitled to [a WLD] since Prajapati is still awaiting a BFD." ECF No. 4 at 16. Defendants claim that a BFD is "the preliminary adjudicative step" and therefore "must first be resolved before USCIS potentially makes a WLD." *Id.* at 17. According to agency policy, "USCIS reserves waiting list determinations for instances when USCIS deems a petition not 'bona fide' under criteria set forth in the policy, or otherwise determines that the petitioner does not merit discretionary interim benefits pursuant to 8 U.S.C. § 1184(p)(6)." *Id.* (citing USCIS, POLICY MANUAL, Chapter 5–Bona Fide Determination Process). Moreover, USCIS does not usually make a WLD if someone receives a favorable BFD. *Id.* Thus, there is no delay at all, because USCIS does not yet owe Plaintiffs a WLD, so there can be no "unreasonable delay" giving rise to a claim under the APA. *Id.* at 18.

Plaintiffs make no attempt to address this argument in their response other than to say they are owed a BFD even if the WLD claim is not ripe. ECF No. 5 at 11–12. Other courts have addressed and rejected arguments identical to Defendant's ripeness argument, however, and this Court finds their analyses persuasive. *See, e.g.*, *Noorani*, 2025 WL 3282296, at *3 (finding WLD claims are not contingent on the BFD process); *Ayala v. Noem*, 781 F. Supp. 3d 1187, 1199 (D.N.M. 2025) (finding "WLD claim is not made unripe by the existence of the BFD process").

Defendants argue Plaintiffs are not entitled to a WLD until the BFD process has been completed. The Court is not persuaded by Defendants' argument and finds that Defendants misconstrue the legal relationship between the WLD and BFD processes. A WLD is not legally contingent on a speculative future BFD, and Plaintiffs' claim for unreasonable delay is therefore fit for judicial decision. While it may be true as a matter of current USCIS practice (as embodied

11

Case 4:25-cv-00258-DGK    Document 8    Filed 01/06/26    Page 11 of 13

in its Policy Manual) that a BFD comes before a WLD, this is not required by either statute or regulation. "U-visa applicants can be funneled into either the BFD EAD track or the waitlist track—the tracks are separate." *Barrios Garcia*, 25 F.4th at 443.

USCIS has discretion under 8 U.S.C. § 1184(p)(6) to grant work authorization determinations to bona fide applicants. USCIS implemented the BFD process to manage this discretion and could rescind the process at any time. *See Barrios Garcia*, 25 F.4th at 441. By contrast, USCIS is required by regulation to place "all eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status . . . on a waiting list." 8 C.F.R. § 214.14. "The plain language of the regulation does not limit WLD eligibility to petitioners who received an unfavorable BFD." *Noorani*, 2025 WL 3282296, at *3. Plaintiffs are therefore not legally required to acquire a BFD before being entitled to a WLD.

Furthermore, Plaintiffs have shown direct injury. They assert that Defendants are unlawfully delaying their WLD in violation of 5 U.S.C. § 555(b). This is "a challenge to actual agency delay and inaction, not a speculative delay." *Id.* Plaintiffs also allege that this delay prejudices them and that they "have been harmed in their ability to receive a waiting list determination in their pending petitions." ECF No. 1 at 8. "This wait," they claim, "has caused Plaintiffs a great deal of hardship in their personal and professional lives and has made their future plans uncertain." ECF No. 5 at 1.

The Court finds, therefore, that Plaintiffs' WLD claim is ripe.[5]

---

[5] Defendants do not challenge this Court's jurisdiction to review USCIS' failure to make a waiting list determination on the same agency-discretion grounds upon which they base their challenge to jurisdiction on the BFD and EAD claims. To the extent that such jurisdiction could be called into question, the Court notes that, unlike the statutory discretion to grant EADs to bona fide petitioners, placement on a waiting list is mandatory under 8 C.F.R. § 214.14(d)(2) in certain circumstances: "All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list . . . ." It is well-established that such "substantive rules" promulgated under congressional delegation in accordance with the APA's notice and comment requirements "have the force and effect of law." *Azar v. Allina Health Servs.*, 587 U.S. 566, 573 (2019) (citation and internal quotation marks omitted). Courts have consistently held that an allegation of unreasonable delay in making a waiting list

12

Case 4:25-cv-00258-DGK     Document 8     Filed 01/06/26     Page 12 of 13

## Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims to compel bona fide and employment authorization determinations and deferred action are DISMISSED for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Defendants' motion is DENIED with respect to Plaintiffs' waiting list determination claim, so Plaintiffs may proceed on that claim alone.

**IT IS SO ORDERED.**

Date:  January 6, 2026                            /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT

---

determination states a claim under the APA and that judicial review of such a delay is not barred. *See, e.g.*, *Gonzalez*, 985 F.3d at 374-75; *Barrios Garcia*, 25 F.4th at 443; *Reyes Olmos*, 785 F. Supp. 3d at 470.